UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **DEBORAH CHANEY,** <br><br>     **Plaintiff,** <br><br> **V.** <br><br> **APPALACHIAN REGIONAL HEALTHCARE SYSTEM, INC,** <br><br>     **Defendant.** | **COMPLAINT** |

## COMPLAINT

COMES NOW Plaintiff, Deborah Chaney, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint for Damages against Appalachian Regional Healthcare System, Inc. ("ARHS" or "Defendant"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts One through Three of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein were committed within Watauga County, North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff exhausted her administrative remedies in this matter.

5. Plaintiff received her Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days

prescribed.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of North Carolina.

7. Defendant is a corporation registered to conduct business in the State of North Carolina.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Charles Mantooth, located at 336 Deerfield Road, Boone, NC 28607.

9. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

10. Defendant is subject to the requirements of the ADA.

## III. FACTUAL ALLEGATIONS

11. Ms. Chaney worked for ARHS as a Systems Coordinator.

12. Prior to joining ARHS, Ms. Chaney was diagnosed with a vocal cord disease that substantially limits her ability to speak.

13. Ms. Chaney requested that ARHS accommodate this disability by limiting non-essential use of her voice.

14. As part of this role, Ms. Chaney trained ARHS employees on new and updated software programs.

15. These training events required Ms. Chaney to speak over the phone or in person in front of an audience.

16. During her employment with ARHS, Ms. Chaney performed all training events required of the position.

17. On August 29, 2017, ARHS told Ms. Chaney that because ARHS planned to overhaul its software in 2018, Ms. Chaney would need to provide additional training of all affected staff.

18. During the same meeting, ARHS told Ms. Chaney that she would no longer be suited for the position due to her voice.

19. ARHS did not offer to accommodate Ms. Chaney in this role.

20. ARHS did not ask Ms. Chaney whether an accommodation would be necessary.

21. ARHS told Ms. Chaney she could take a Government Follow-Up Billing Specialist position or be terminated within 2 weeks.

22. The Government Follow-Up Billing Specialist position was a lower-paying, lower-level position in Ms. Chaney's department that also required daily use of Ms. Chaney's voice.

23. After Ms. Chaney communicated the issues in the paragraph above to ARHS, ARHS made no other efforts to find her a suitable position.

24. Ms. Chaney further told ARHS she wanted to remain in the Systems Coordinator position and could perform the training sessions required.

25. Ms. Chaney had over 10 years of experience with the software ARHS planned to overhaul, and she was well qualified to design and implement training events to bridge the gap between the old and new systems.

26. ARHS terminated Ms. Chaney on September 12, 2017.

27. ARHS replaced Ms. Chaney with an employee who did not have any prior experience with the relevant software.

28. Upon information and belief, Ms. Chaney's replacement is not disabled within the meaning of the ADA.

29. At the time of Ms. Chaney's termination, ARHS employed another Systems Coordinator who worked under the same supervisor as Ms. Chaney.

30. Upon information and belief, this employee is not disabled within the meaning of the ADA.

31. ARHS has not raised similar concerns with this Systems Coordinator regarding the performance of her job duties.

32. In September 2017, Ms. Chaney filed a complaint with the Equal Employment Opportunity Commission (EEOC) regarding her termination.

33. In October 2017, ARHS hired Ms. Chaney as an Electronic Health Record Data Entry Clerk.

34. This position was temporary and expected to last 6 months.

35. ARHS did not assist Ms. Chaney in finding this position.

36. Upon information and belief, the management officials responsible for Ms. Chaney's termination do not overlap with the selecting officials for the Data Entry Clerk position.

37. Upon information and belief, the selecting officials for the Date Entry Clerk position were not aware of Ms. Chaney's EEOC complaint pending against ARHS.

38. On February 9, 2018, ARHS terminated Ms. Chaney because her project had allegedly ended.

39. During Ms. Chaney's employment, ARHS employed multiple Data Entry Clerks working on the same project as Ms. Chaney.

40. Upon information and belief, Ms. Chaney was the only Data Entry Clerk with a disability.

41. ARHS did not terminate any other Data Entry Clerks when it terminated Ms. Chaney.

42. Upon information and belief, ARHS replaced Ms. Chaney.

## IV. CLAIM FOR RELIEF

### COUNT I

### ADA DISCRIMINATION

43. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully set forth herein.

44. Plaintiff is a qualified individual with a disability as defined by the ADA for the position of Systems Coordinator. *See para. 11-16.*

45. Defendant had notice of Plaintiff's disability. *See para. 13, 18.*

46. Defendant terminated Plaintiff from her position as Systems Coordinator. *See para. 26.*

47. The events surrounding Plaintiff's termination serve as circumstantial evidence of discriminatory animus. *See para. 17-31.*

### COUNT II

### ADA DISCRIMINATION

48. Plaintiff incorporates by reference paragraphs 1-47 of her Complaint as if fully set forth.

49. Plaintiff is a qualified individual with a disability as defined by the ADA for the position of Data Entry Clerk. *See paras. 12, 33, 38.*

50. Defendant had notice of Plaintiff's disability. *See para. 13, 18.*

51. Defendant terminated Plaintiff from her position as Data Entry Clerk in February 2018.

52. The events surrounding Plaintiff's termination serve as circumstantial evidence of discriminatory animus. *See para. 33-42*

### COUNT III

### ADA RETALIATION

53. Plaintiff incorporates by reference paragraphs 1-52 of her Complaint as if fully set forth.

54. Plaintiff engaged in protected activity. *See para. 32.*

55. Defendant terminated Plaintiff from her position as Data Entry Clerk. *See para. 38.*

56. Plaintiff was discharged under circumstances that raise a causal connection between the protected activity and the adverse action. *See para. 33-42,*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA; and

d. Any other relief this Court deems proper and just.

Date: February 21, 2019

        Respectfully submitted,
        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Alexander C. Kelly
        Alexander C. Kelly
        North Carolina Bar No. 49308
        *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
T: (704) 729-4287
F: (877) 352-6253

ack@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 21st day of February, 2019.

                          THE KIRBY G. SMITH LAW FIRM, LLC

                          s/Alexander C. Kelly
                          Alexander C. Kelly
                          North Carolina Bar No. 49308
                          *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com